Norma HOLDEN, et al., Plaintiffs,

and

State of Ohio, Through Richard F. Celeste, Governor, Plaintiff-Intervenor,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

Civ. A. No. C84–548.

United States District Court, N.D. Ohio, E.D.

Jan. 17, 1985.

On Motion For Emergency Stay
Feb. 13, 1985.

David B. Dawson, Louise McKinney, Carolyn Carter, Legal Aid Soc. of Cleveland, Mark J. Valponi, Kelley, McCann & Livingstone, Cleveland, Ohio, for plaintiffs.

Rita S. Eppler, Asst. Atty. Gen., Columbus, Ohio, for plaintiff-intervenor.

Kathleen Ann Sutula, Steven D. Bell, Asst. U.S. Attys., Cleveland, Ohio, for defendant.

### MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

In this class action, this Court entered a preliminary injunction on April 30, 1984, forbidding the Secretary of Health and Human Services ("Secretary") from terminating social security disability benefits unless she could demonstrate "medical improvement" in the recipient's condition. On May 29, 1984, following the Supreme Court's decision in *Heckler v. Lopez*, —— U.S. ——, 104 S.Ct. 2164, 80 L.Ed.2d 548 (1984), the preliminary injunction was stayed with respect to one portion of the class. *See Holden v. Heckler*, 584 F.Supp. 463 (N.D.Ohio 1984).[1]

1. Familiarity with all of this Court's previous orders in this action is presumed.

On October 9, 1984, the President signed the Social Security Disability Benefits Reform Act of 1984 ("the Act"), Pub.L. No. 98–460, 98 Stat. 1794 (1984). Portions of the Act codified the "medical improvement" standard for reviewing disability benefits terminations. In addition, §§ 2(d)(2)(C) and 2(d)(3) of the Act provide that district courts shall remand to the Secretary the cases of persons whose benefits have been terminated and who were named and unnamed members of a "medical improvement" class action pending as of September 19, 1984.[2] The Secretary is to notify class members of their rights under the Act; they in turn may request a review of their case and a restatement of benefits pending the Secretary's initial redetermination.

Interpreting the Act, the Supreme Court has directed district courts to remand two pending class actions to the Secretary for review pursuant to the Act. *Heckler v. Lopez*, —— U.S. ——, 105 S.Ct. 583, 83 L.Ed.2d 694 (1984); *Heckler v. Kuehner*, —— U.S. ——, 105 S.Ct. 376, 83 L.Ed.2d 312 (1984). Both remand orders recognize the district court's continuing jurisdiction following remand.[3] Consistent with the Act, the Sixth Circuit Court of Appeals has directed this Court in this action "to remand to the Secretary for further consideration under the Act." *Brest v. Secretary of Health and Human Services*, 754 F.2d 372 (6th Cir.1984).[4] Upon consideration of the Act, the Supreme Court rulings, the Sixth Circuit's mandate, the arguments raised at a status conference on January 11, 1985,

and the proposed orders subsequently submitted by counsel, it is hereby ordered that:

(1) The case of named plaintiff Larry McGinty is remanded to the Secretary for review pursuant to § 2(d)(2)(C) of the Act;

(2) The cases of the unnamed class members are remanded to the Secretary for review pursuant to § 2(d)(3) of the Act;

(3) The partial stay pending appeal entered by this Court on May 29, 1984 is vacated; and

(4) This Court retains jurisdiction to take other actions appropriate in light of the Act. Within fourteen (14) days, the Secretary shall either (1) respond to all issues in the plaintiffs' motion for summary judgment and remand which have not been mooted by this order, or (2) submit a pleading supporting her contention that this action should be dismissed without prejudice. If the Secretary files a motion to dismiss, the plaintiffs shall respond within ten (10) days thereafter.

IT IS SO ORDERED.

## ON MOTION FOR EMERGENCY STAY

The Secretary of Health and Human Services ("Secretary") moves for an emergency stay pending appeal of this Court's notice order of January 30, 1985. For the reasons set forth below, the motion is denied.

The applicability to this action of the Social Security Disability Benefits Reform Act of 1984 ("the Act") is discussed in this

---

**2.** Since this case was fully certified as a class action pursuant to Fed.R.Civ.P. 23(b)(2) in the April 30, 1984 memorandum and order, it is among those covered by the Act. This Court previously remanded the cases of three of the named plaintiffs in this case, the plaintiff in the companion case of *Brest v. Heckler*, C83–4893 (N.D.Ohio filed Dec. 14, 1983), and all other benefits termination cases pending on its docket.

**3.** The pertinent portions of the two orders are identical and state:

... The petition for writ of certioari is granted. The judgment is vacated and the case is remanded to the United States Court of Appeals ... to be remanded to the United States

District Court ... with instructions to (1) remand the cases of the named respondents to the Secretary for review pursuant to Section 2(d)(2)(C) of the Social Security Disability Benefits Reform Act of 1984; (2) make any necessary clarifications in the definition and scope of the class; (3) remand the cases of the unnamed class members to the Secretary for proceedings pursuant to Section 2(d)(3) of that Act; and (4) take other actions appropriate in light of the Act.

*Lopez,* 105 S.Ct. at 584; *Kuehner,* 105 S.Ct. at 376.

**4.** *Brest* was the companion case to this class action. *See* note 2, *supra.*

Court's Memorandum and Order of January 17, 1985, which remanded named and unnamed class members to the Secretary for review under the Act pursuant to the Sixth Circuit's mandate in *Brest v. Secretary of Health and Human Services,* 754 F.2d 372 (6th Cir.1984). Consistent with *Heckler v. Lopez,* — U.S. —, 105 S.Ct. 583, 584, 83 L.Ed.2d 694 (1984), and *Heckler v. Kuehner,* — U.S. —, 105 S.Ct. 376, 83 L.Ed.2d 312 (1984), this Court retained jurisdiction to issue appropriate orders in light of the Act. *See* at 683.

On January 30, 1985, this Court ordered the Secretary to send to each class member by February 15, 1985 a "Special Notice for Ohioans," supplementing the uniform, nationwide notice being distributed to all individuals potentially affected by the Act. The order is consistent both with this Court's continuing jurisdiction over this action and with its obligations to class members under Fed.R.Civ.P. 23(d)(2).

This Court has reviewed the Secretary's objections to the supplemental notice and concludes that they are without merit. Applying the Sixth Circuit's four-part test governing motions for a stay pending appeal, this Court finds that the Secretary has not "shown a strong or substantial likelihood of probability of success on the merits" and is not threatened with "irreparable injuries." Failure to proceed with the mailing of the supplemental notices "would cause substantial harm to others," in this case the class members. Nor would the public interest be served by granting a stay. *See Holden v. Heckler,* 584 F.Supp. 463, 497 (N.D.Ohio 1984) (citing *Hamlin Testing Laboratories, Inc. v. United States Atomic Energy Commission,* 337 F.2d 221, 222 (6th Cir.1964), and *Virginia Petroleum Jobbers Assn. v. FPC,* 259 F.2d 921 (D.C.Cir.1958)).

Accordingly, the Secretary's motion is denied.

IT IS SO ORDERED.