Norma **HOLDEN, et al., Plaintiffs, and State of Ohio, Through Richard F. Celeste, Governor, Plaintiff-Intervenor,**

v.

Margaret M. **HECKLER, Secretary of Health and Human Services, Defendant.**

Civ. A No. C84–548.

United States District Court, N.D. Ohio, E.D.

May 9, 1985.

David B. Dawson, Louise McKinney, Carolyn Carter, Legal Aid Soc. of Cleveland, Mark J. Valponi, Kelley, McCann & Livingstone, Cleveland, Ohio, for plaintiffs.

Rita S. Eppler, Asst. Atty. Gen., Columbus, Ohio, for plaintiff-intervenor.

Kathleen Ann Sutula, Steven D. Bell, Asst. U.S. Attys., Cleveland, Ohio, for defendant.

MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

This opinion concerns pending motions in this social security class action. In previous opinions, this Court preliminarily enjoined the Secretary of Health and Human Services ("Secretary") from terminating disability benefits unless she could demonstrate "medical improvement" in a recipient's condition, *Holden v. Heckler*, 584 F.Supp. 463 (N.D.Ohio 1984); stayed the injunction with respect to one portion of the class, *id.* at 496; vacated the stay and remanded all class members to the Secretary for review pursuant to the Social Security Disability Benefits Reform Act of 1984 ("the Act"), Memorandum and Order of January 17, 1985, 615 F.Supp. 682; and directed the issuance of appropriate notice of the remand to class members. Memorandum and Order of January 30, 1985, *stay denied*, Memorandum and Order of

February 13, 1985, *stay pending appeal denied,* No. 85–3128 (6th Cir. Feb. 15, 1985) (Jones, J.), *appeal dismissed,* No. 85–3128 (6th Cir. April 29, 1985).

In its January 17, 1985 opinion, this Court "retain[ed] jurisdiction to take other actions appropriate in light of the Act," pursuant to *Heckler v. Lopez,* —— U.S. ——, 105 S.Ct. 583, 83 L.Ed.2d 694 (1984); *Heckler v. Kuehner,* —— U.S. ——, 105 S.Ct. 376, 83 L.Ed.2d 312 (1984); and *Brest v. Secretary of Health and Human Services,* 754 F.2d 372 (6th Cir.1984). The Sixth Circuit has affirmed this Court on this issue:

> ... [The Secretary's] contention that the district court has no further role to play after the class action has been remanded is not likely to succeed on the merits. As the district court noted, the order is consistent both with that court's continuing jurisdiction over the action and its obligations to the class under Federal Rule of Civil Procedure 23(d)(2).

Order of February 15, 1985, slip op. at 2.

Accordingly, this Court proceeds to address plaintiffs' and intervenor's motion for summary judgment and proposed order setting forth procedures governing adjudication of class members' claims on remand.

## I.

Fed.R.Civ.P. 56(c) governs summary judgment motions and provides:

> ... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law....

In reviewing summary judgment motions, this Court must view the evidence in the light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Hasan v. CleveTrust Realty Investors, Inc.,* 729 F.2d 372 (6th Cir.1984). "[T]he party seeking summary judgment must *conclusively* show that there exists no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Bender v. Southland Corp.,* 749 F.2d 1205, 1210 (6th Cir.1984) (citing *Smith v. Hudson,* 600 F.2d 60, 63 (6th Cir.), *cert. dismissed,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979)) (emphasis in original).

In this case, this Court's preliminary injunction opinion contains a lengthy discussion of the applicable statutes and case law, 584 F.Supp. at 467–75, the factual background supporting the class claims, *id.* at 475–79, and the merits of those claims. *Id.* at 479–96. The Act, enacted subsequent to that opinion, effectively codifies the legal standard set forth in the preliminary injunction. *See* 42 U.S.C. § 423(f). The Secretary's "motion in opposition to request for summary judgment and to dismiss" does not dispute the facts underlying the plaintiffs' motion. Instead, it focuses solely on this Court's purported lack of jurisdiction following remand. As noted, this argument has been rejected by this Court, the Sixth Circuit, and the Supreme Court, and it is hereby rejected again—leaving the summary judgment motion, in effect, unopposed. Therefore, incorporating the factual record and legal conclusions set forth in the numerous prior opinions and orders in this case, this Court enters summary judgment in favor of the plaintiff class. The Secretary's motion to dismiss is denied.

## II.

On February 12, 1985, plaintiffs submitted a proposed order governing class definition, notification of class members, publicity, reinstatement, monitoring compliance, resolution of disputes, and continuing jurisdiction. By letter of March 15, 1985, counsel further explained certain provisions of the proposal. The Secretary presumably rests on her proposed remand order of January 14, 1985, which would have dismissed this action following remand. That proposal is, of course, inconsistent with the applicable rulings on jurisdiction.

The plaintiffs' proposal is, on the whole, appropriate. However, this Court believes that at this stage of the present litigation the publicity proposed in Parts II–B through II–D of the proposed order is unnecessary, repetitive, and wasteful. With that deletion, and certain minor amendments, the proposed order is hereby adopted and issued.

## III.

Consistent with the preceding discussion:

(1) Summary judgment is entered on behalf of the plaintiff class;

(2) The Secretary's motion to dismiss is denied;

(3) All previous orders of this Court, except as otherwise vacated or superceded, remain in effect;

(4) The attached order shall govern implementation of this Court's remand order of January 17, 1985; and

(5) This Court retains post-judgment jurisdiction to issue appropriate orders in light of the Act and its previous orders.

IT IS SO ORDERED.