B. F. Loose, Appellant, v. John Cooper, Appellee.

**Dismissal of action.** Where the court dismisses a case on its own motion it should make a record of the ground of its action, but although failing to do so a presumption obtains in favor of the ruling, and a reversal will not be ordered unless upon the whole case there is no ground to support it.

**Same:** WANT OF PROSECUTION : REINSTATEMENT. The court has power to dismiss a cause for want of prosecution independent of any statute; and where a case remained on the docket for five years after issue was joined and plaintiff and his attorney were in the court room but made no objection to the order of dismissal the court was justified in refusing a motion for reinstatement.

*Appeal from Polk District Court.*—Hon. W. H. McHenry, Judge.

Saturday, November 21, 1908.

Rehearing Denied Saturday, February 20, 1909.

*Affirmed.*

*H. H. Crow,* for appellant.

No appearance for appellee.

Evans, J.—On November 23, 1901, plaintiff and defendant entered into a written contract whereby the defend-

ant agreed to sell to the plaintiff certain stock in the Fidelity Insurance Company for an agreed price of $11,250, to be paid, with 5 percent interest, at the rate of $125 per month. Other provisions were contained in the contract which need not be noticed here. The contract provided for liquidated damages in the sum of $21,750. The plaintiff has brought this action for such liquidated damages. The defendant has filed a counterclaim for $20,550 as damages for breach of contract. The plaintiff filed his petition on April 22, 1902. The defendant filed his answer and counterclaim on May 12, 1902. The plaintiff filed his reply denying the counterclaim on May 16, 1902. No further proceedings of any kind were ever had in the case until June 29, 1907, and on that date the district court on its own motion dismissed the case at plaintiff's cost. Afterwards, on September 9, 1907, the plaintiff filed a motion to reinstate the case, and on September 18, 1907, this motion was by the court overruled. The plaintiff appeals.

Plaintiff's contention is that the court was not warranted in dismissing this case on its own motion, there being no request for a dismissal from either party. The ground upon which the court entered the dismissal does not appear in the record. We would be better satisfied with this record if such ground did appear. When a court acts in such a case upon its own motion, it is highly desirable that it should state the ground upon which it acts. The failure to do so gives an appearance of arbitrary action, and is a practice not to be commended. Nevertheless, we are required to indulge in a presumption in favor of the ruling of the trial court. We are not justified in reversing it unless from an examination of the whole record we fail to find any ground to support it.

1. Dismissal of actions.

It is quite apparent upon the face of this record that the court would have been justified in dismissing this case

for want of prosecution. The power is inherent in the

**2. SAME: want of prosecution: reinstatement.** court, quite independent of the statute. The issues were made up and the last pleading filed on May 16, 1902. For more than five years thereafter the case lay in a comatose condition. The amounts involved in both petition and counterclaim were sufficiently large to warrant some show of activity on the part of both parties. Apparently no effort was made by either party to bring the case to trial. Plaintiff states in his argument in this court that he and his attorney were present at the time of the dismissal. But it does not appear from such statement nor from the record that he made any objection at that time to the action of the court, nor took any exception thereto. Afterwards he filed a motion to reinstate, but it does not appear that·he served any notice of such motion upon the defendant.

Appellant cites the case of *Hensley v. Davidson Bros.,* 135 Iowa, 106. That case and the one at bar are not at all parallel. The power of the court to set aside a verdict on its own motion was conceded in that case. It was held, however, that the only possible ground of the court's action in that case was· the insufficiency of the evidence. Inasmuch as this court had in a former appeal held that the evidence was sufficient to sustain a verdict for the plaintiff, it was held that the lower court was not justified in ignoring the decision of this court, and its action was therefore reversed. No such question is involved in the case at bar. The court below was acting within the limits of a broad discretion which it was required to exercise fairly. We can not say that, under the circumstances appearing in this case, the court abused that discretion.

The contract sued on in this· case seems to have been drawn with such skill as to afford to each party a substantial cause of action against the other. The parties were prompt in going into court and in making up the issues. If in fact the defendant had notice of plaintiff's

motion to reinstate, he made no resistance to it. He appears to have been served with notice of appeal to this court, but he makes no appearance. The circumstances surrounding the case are such as to fairly warrant a belief that the issues presented by the pleadings were fictitious and perhaps collusive, and that the records of the court were being used for ulterior purposes.—*Affirmed.*