BARRY v. MULHALL.  (No. 5840.)

(Supreme Court, Appellate Division, First Department.  May 29, 1914.)

1. CONTRACTS (§ 113*)—VALIDITY—IMMORAL CONTRACT.

A contract, whereby plaintiff, for one-half of the sale price, undertook to sell for publication and did sell to representatives of a newspaper for $10,000 all letters, books, memoranda, and documents relative to a national association of manufacturers and affiliated associations, which defendant, a confidential employé of the association, had secured or copied and retained, tending to show that the association, unknown to a majority of its members, had been engaged for ten years in a corrupt political campaign to prevent tariff legislation, implicating more than 30 politicians, some of them of national reputation, convicting the president and general manager and secretary of the association of bribery and furnishing material for a great journalistic sensation, was immoral and would not be enforced.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 521–541; Dec. Dig. § 113.*]

2. CONTRACTS (§ 138*)—ILLEGALITY—PLEADING.

The fact that the illegality of a contract sued on was neither pleaded as a defense nor urged at the trial is immaterial, for where it appears that the contract is opposed to good morals or sound public policy, or to statutory provisions enacted for the public good, the court, regardless of the pleadings, will of its own motion deny relief thereunder.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 681–700; Dec. Dig. § 138.*]

Dowling, J., dissenting.

Appeal from Trial Term, New York County.

Action by Richard Barry against Martin M. Mulhall. Judgment for plaintiff, and motion for new trial denied, and defendant appeals. Reversed, and complaint dismissed.

See, also, 148 N. Y. Supp. ——.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

E. C. Crowley, of New York City, for appellant.
Henry W. Bridges, of New York City, for respondent.

HOTCHKISS, J.  [1] For a number of years prior to the contract on which this action is brought, defendant had been in the employ of the "National Association of Manufacturers" in a confidential capacity, which defendant himself describes as "field agent and assistant in lobby work at Washington, D. C."  During this period his relations to the "Association" were such as to enable him to secure and retain possession or to take copies of a mass of communications, chiefly in the shape of letters passing between the "Association" or its officers and numerous persons with whom it or they had dealings.  Having left the employ of the Association, defendant conceived the idea that these communications had a pecuniary value, whereupon he entered into a contract with plaintiff by which the latter undertook their sale for publication and, in case of success, was to receive for his services one-half of the sale price.  As the result of plaintiff's efforts, defendant entered

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

into a written contract of sale with the representatives of a newspaper, from which he received $10,000, for his share of which plaintiff recovered the judgment appealed from.

By defendant's contract of sale, he agreed to furnish the newspaper with "all letters, books, memoranda and documents in his possession relative to the National Association of Manufacturers and affiliating organizations." Attached to this contract is a "synopsis" of the letters, which states that "these letters," to the number of over 5,000, "prove that the National Association of Manufacturers has been engaged, unknown to a majority of its four thousand members, for ten years past, in a corrupt political campaign to prevent tariff legislation. * * * They implicate more than thirty politicians, many of national renown, and convict the president and general manager and secretary of the N. A. M. of bribery." The "synopsis" covers several printed pages of similar description which, if true, justifies one of its paragraphs, which says of the letters, "they furnish material for a very great journalistic sensation."

These facts, so far at least as the parties to this action are concerned, show that the contract on which the action is based was nothing more than a sordid attempt to get money through the sale, for sensational purposes, of communications and information which had come into defendant's possession while acting in a confidential capacity. It scarcely needs the authority of decided cases to show that such contracts are immoral and will not be enforced. Davenport v. Hulme, 11 Misc. Rep. 521, 32 N. Y. Supp. 803; Coffey v. Burke, 132 App. Div. 128, 131, 116 N. Y. Supp. 514. Whether the industry in which the defendant's employer was engaged was or was not a proper one does not enter into the question. The quality of its acts is not at issue. If its business or methods were reprehensible or contrary to law, what circumstances, short of information to the public prosecutor, would have justified defendant in disclosing the knowledge he had of them, need not be discussed. It is sufficient to say that no such disclosure by an employé will escape the ban of the law where its sole motive is pecuniary gain and its sole purpose a "journalistic sensation."

[2] The fact that the illegality of the contract was neither pleaded nor urged on the trial is of no moment, for in every case, regardless of the pleadings, where it appears that the contract before the court is opposed to good morals or sound public policy, or offends the provisions of a statute enacted for the public good, the court will of its own motion deny relief thereunder. Dunham v. Hastings Pavement Co., 56 App. Div. 244, 67 N. Y. Supp. 632.

The judgment and order appealed from should be reversed, without costs, and the complaint dismissed, without costs.

INGRAHAM, P. J., and McLAUGHLIN and LAUGHLIN, JJ., concur.

DOWLING, J. I dissent upon the ground that the sole issues presented in the court below were those indicated by the motion for leave to go to the jury at the close of the whole case; no prior motion hav-

ing been made to dismiss. It was not claimed by the defendant then, nor is it claimed by him upon the present appeal, that the contract was void as being opposed to good morals, or sound public policy, or in violation of any statute. There is nothing in this record which shows that the defendant agreed to furnish any information which he had not a right to make public, and whatever his motive may have been in making the disclosures is immaterial if he was acting within his legal rights in making them. Upon this record the plaintiff had been the procuring cause of the acceptance of this information for publication, at the agreed price of $10,000, of which he was to receive one-half, and I can find nothing in the record which prevents his recovery. I therefore vote for the affirmance of the judgment.