**Keith R. MOTZ, Appellee,**

v.

**A. Clarence MOTZ, Appellant.**

**No. 54044.**

Supreme Court of Iowa.

Sept. 2, 1970.

Swift & Swift, Manchester, for appellant.

C. J. May, Jr., Dubuque, for appellee.

BECKER, Justice.

This is a divorce action in which the trial court granted a divorce on grounds of cruel and inhuman treatment, determined the property rights of the parties, ordered specific alimony payments to be made by defendant to plaintiff and entered judgment therefor. We modify and affirm.

I. Neither the facts nor the legal issues presented are in any way novel. The case was tried and decided prior to July 1, 1970, the effective date of House File 1137, Acts of the 63rd General Assembly, Second Session, when the divorce law of the state of Iowa was completely revised and changed. Therefore this case has little precedential value and will be dealt with summarily.

■ Our review is de novo. Applicable legal principles have been repeatedly noted in prior Iowa cases including Beno v. Beno (1967), 260 Iowa 442, 149 N.W.2d 778. We have studied the record and defendant's brief with care. Plaintiff, successful below, did not file a brief. We conclude the trial court was right when it granted plaintiff a divorce on grounds of cruel and inhuman treatment.

■ II. Disposition of the property owned by the parties was also correct and is affirmed.

■ III. At the time of trial defendant was earning $1100 per month and his take-home pay was $921. Plaintiff's take-home pay was less than $50 per week. Defendant was obligated to pay $300 per month alimony to his former wife, who was shown to be afflicted with cancer. After providing for $150 per month alimony until January 1970 and $300 per month after January 1970, the court ordered:

"That, at such time as defendant shall no longer pay the sum of $300.00 per month as alimony or support to his wife in a former marriage, defendant shall pay permanent alimony to plaintiff in the sum of $450.00 per month in equal installments of $225.00 each, such installments to be paid on the 10th and 25th day of each month, commencing on the 10th day of the month in which defendant shall no longer pay the alimony or support payments to his former wife as referred to above."

This court finds the quoted paragraph imposes an inequitable burden on defendant and therefore orders its deletion. In all other respects the judgment is affirmed.

Modified and affirmed.

All Justices concur.