**William P. CRAMER, Appellant,**

v.

**Julie S. CRAMER, Appellee.**

**No. 54377.**

Supreme Court of Iowa.

April 9, 1971.

Laird & Laird, Waverly, for appellant.

Clark & Butler, Waterloo, for appellee.

RAWLINGS, Justice.

In action instituted by plaintiff husband, trial court granted divorce to counterclaiming defendant wife, with attendant relief, and awarded her custody of one child, a daughter. Plaintiff appeals. We affirm.

■ I. Our review is de novo. Ia.R. Civ.P. 334, 344(f) (7); Lawler v. Lawler, 175 N.W.2d 103, 105 (Iowa).

II. Applicable principles referred to in Blasco v. Blasco, 261 Iowa 588, 589, 155 N.W.2d 542, and citations, need not be here repeated.

■ III. As stated in Motz v. Motz, 179 N.W.2d 367 (Iowa), this case was instituted and tried prior to July 1, 1970, the effective date of Second Session, Sixty-Third General Assembly, Chapters 1266–1267 (The Code 1971, Chapter 598).

Resultantly any present discussion of issues relative to the granting of a divorce will have little or no precedential value. They will therefore be dealt with summarily.

Our study of the record and briefs at hand leads us to conclude trial court did not err in granting a divorce to defendant.

■ IV. Neither party here urges a reversal regarding alimony awarded, child support allowed, or property division. Error, if any, relative to these matters is therefore waived. Ia.R.Civ.P. 344(a) (4) (Third); Olson v. Olson, 180 N.W.2d 427, 429 (Iowa).

V. Although custody was awarded defendant, the child has lived with plaintiff father since shortly after this divorce action was initiated, and thereafter remained with him only by reason of our order staying operation of the decree pending determination of this appeal. That order was entered because it appeared the child would otherwise be at once removed to another state.

And upon finalization of custody in defendant mother the child will presumably be removed from our jurisdiction. In argument, plaintiff asserts that is an element tending to militate against maternal custody.

■ This court has held, however, the governing factor in custodial matters is the child's best interest. Ia.R.Civ.P. 344(f) (15); see Halstead v. Halstead, 259 Iowa 526, 531–538, 144 N.W.2d 861; 20 Drake L.Rev. 383.

■ We are also satisfied, under existing circumstances, removal of the child from this jurisdiction is a matter of relatively little significance. Cf. Alex v. Alex, 161 N.W.2d 192, 199 (Iowa); Vanden Heuvel v. Vanden Heuvel, 254 Iowa 1391, 1403–1404, 121 N.W.2d 216; Blundi v. Blundi, 243 Iowa 1219, 1225, 55 N.W.2d 239; Annot. 15 A.L.R.2d 432, 438–439; Nelson on Divorce and Annulment, Second Ed., § 15.20.

It must, of course, be conceded, if the child is taken from this jurisdiction, our courts will ordinarily have no authority to later modify the custodial decree. On the other hand, courts elsewhere may act in the premises with equal effect. See Green v. Sherman, 173 N.W.2d 843, 846–847 (Iowa); Vanden Heuvel v. Vanden Heuvel, *supra*. Furthermore, we indulge in no assumption they will fail to do so should modification be at any time appropriate. See Vanden Heuvel v. Vanden Heuvel, *supra*.

As pointed out *infra*, the record amply supports maternal custody in the instant case despite probable resultant removal of the child from this state.

VI. There is some showing in the record to the effect defendant mother at one time disregarded the child's well-being. Other evidence discloses that for a substantial period of time she remained out of contact with her daughter.

■ On the other hand it appears such failure to properly care for or later contact the child was due to defendant's then existing mental illness, and subsequent treatment related medical advice. Moreover the record discloses the mother is now fully recovered from her illness, and able to properly care for the child. In that

regard this court has heretofore held, under comparable conditions, prior incapacitating mental or physical disability once corrected will not stand as a bar to the grant of otherwise appropriate custodial rights. E. g., Hulbert v. Hines, 178 N.W.2d 354, 361–362 (Iowa); Vanden Heuvel v. Vanden Heuvel, *supra.*

Both parents are presently employed. This means the girl will probably be in the care of some third person during working hours whether in the custody of plaintiff or defendant.

■ At this point, however, we refer to a well-founded presumption, admittedly not strong but still extant, the child's interests will be best served by maternal custody. E. g., Olson v. Olson, 180 N.W.2d 427, 429 (Iowa).

We find nothing in the record which can be said to overcome that presumption.

Furthermore, the father's marriage conduct tends to support maternal custody. Although his attitude toward and apparent concern for the child be deemed proper, it still remains, when confronted with defendant's emotional problem he adopted a relatively callous attitude. Most if not all children experience varying emotional problems in the maturing process which can usually be best overcome by an understanding and sympathetic parent. Cf. McKay v. McKay, 253 Iowa 1047, 1053, 115 N.W. 2d 151. Defendant here appears better qualified to give her daughter that care and attention.

Under existing circumstances we conclude trial court correctly awarded custody of the child to defendant mother.

The stay order heretofore entered by this court is hereby dissolved and set aside.

Affirmed.

All Justices concur.