**A. Clarence MOTZ, Appellant,**

v.

**Keith R. MOTZ, Appellee.**

**No. 55680.**

Supreme Court of Iowa.

May 23, 1973.

Shea & Jackson, Cedar Rapids, for appellant.

C. J. May, Jr. and Joseph P. Zwack, Dubuque, for appellee.

Submitted to MOORE, C. J., and MASON, REES, UHLENHOPP, and McCORMICK, JJ.

UHLENHOPP, Justice.

This unusual appeal involves an endeavor by a party who was defeated in a prior divorce suit to have the decree in that suit declared void on the ground the parties to that suit were never married to each other.

According to the allegations of his present petition, in 1939 plaintiff-appellant A. Clarence Motz (Motz) married a woman named Therese, in 1962 he married a woman named Keith (defendant-appellee here), in 1966 he and Keith separated, in 1968 Therese divorced him in Illinois, and in 1969 Keith divorced him in Iowa. See Motz v. Motz, 179 N.W.2d 367 (Iowa). He claims the 1969 divorce decree in favor of Keith is void.

In his brief which is before us, Motz states he did not learn until after the 1969 divorce that he was not divorced from Therese until 1968. But some confusion exists about the time that Motz learned of the divorce by Therese, for he makes no allegation on the point in his petition and the 1968 Illinois divorce decree, which Motz attaches to his present petition, recites that he appeared pro se in that suit.

In any event, Keith (Mrs. Motz) appeared to Motz' present petition and filed a motion for allowance of attorney fees and suit money. The motion concluded with this: "WHEREFORE, Defendant [Mrs. Motz] requests that the Court enter an order before the Defendant is required to file an Answer herein granting Defendant suit money in the amount of $100.00 and attorney fees in the amount of $1,500.00, all to be taxed as a part of the Court costs in this action." Motz resisted the motion, and a hearing was held. The trial court then entered judgment denying Mrs. Motz' motion and dismissing Motz' action. Motz appealed from dismissal of his action.

In this court, Motz claims as a procedural matter that the trial court should not have dismissed his action on its own initiative, and as a substantive matter that the trial court erred in dismissing the action on the merits.

As to Motz' first claim, our rules and statutes do not expressly authorize trial courts, on their own initiative, to dismiss actions such as this one, except for failure to prosecute. Rule 215.1, Rules of Civil Procedure. Formerly we had a statute permitting trial courts to dismiss actions in limited situations, not including this situa-

tion. Code 1939, § 11562. At that time this court stated, "The authority of the court to dismiss a cause of action is statutory, and can only be exercised upon statutory grounds." M. H. McCarthy Co. v. Dubuque District Court, 201 Iowa 912, 916, 208 N.W. 505, 508. But the statute was superseded by rules 215 and 216 of the rules of civil procedure, 50 G.A. ch. 278 at 368, and those rules eliminated court-initiated dismissals except for want of prosecution.

Notwithstanding the quoted statement from the McCarthy case, Mrs. Motz contends that trial courts have inherent power to dismiss actions on their own initiative. It is true that prior to adoption of rule 215.1, this court held trial courts could dismiss actions sua sponte when a party unreasonably delayed prosecution of his action. Des Moines U. Ry. v. District Court of Polk County, 170 Iowa 568, 153 N.W. 217; Brown v. Iowa Legion of Honor, 107 Iowa 439, 78 N.W. 73. But even in that situation the court used cautionary language. Loose v. Cooper, 141 Iowa 377, 118 N.W. 406. The parties have not cited Iowa decisions holding trial courts may order dismissals on their own initiative in other situations.

Courts in other jurisdictions have held that trial courts do possess such power. 24 Am.Jur.2d Dismissal, Discontinuance & Nonsuit § 69 at 60; 27 C.J.S. Dismissal & Nonsuit § 76 at 479. The power appears to have been exercised in particular situations, however, such as on refusal of a party to amend his pleading when so ordered by the court, French v. Central Const. Co., 76 Ohio St. 509, 81 N.E. 751, or in actions upon illegal bargains. Barry v. Mulhall, 162 App.Div. 749, 147 N.Y.S. 996.

We need not say at this time whether Iowa trial courts possess inherent power to dismiss or, if so, the extent of the power, for we are clear this is not a case for the exercise of such power. Motz' case is a novel one, to be sure, and may ultimately appear to be without merit. But the case is only in the preliminary stages now.

Mrs. Motz may file a motion attacking the petition or she may file other motions—such as a motion dealing with law points or for summary judgment. Motz may amend his petition. Or Mrs. Motz may answer, and facts may be brought out which we cannot now foresee.

We think the trial court should have let the case progress in the regular way. If trial courts do possess inherent power to dismiss cases, they should exercise the power with restraint and caution and not in situations like this one. We hold that under the present circumstances the trial court erred in dismissing the case.

Motz' second contention, going to the merits of the case, is not ready for determination by us any more than it was by the trial court. We therefore remand the case to district court for proceedings in accordance with the rules of civil procedure.

Reversed.