# IN THE COURT OF APPEALS OF IOWA

No. 19-1042
Filed June 3, 2020

**ACTERRA GROUP, INC.,**
    Plaintiff-Appellant,

**vs.**

**KICK GROUP TECHNOLOGIES (USA) INC.,**
    Defendant-Appellee.

_____

Appeal from the Iowa District Court for Linn County, Mitchell E. Turner, Judge.

Acterra Group, Inc., appeals an order dismissing its petition for lack of personal jurisdiction. **REVERSED AND REMANDED.**

Sherry L. Schulte and William T. McCartan of Bradley & Riley PC, Cedar Rapids, for appellant.

Christopher P. Jannes and Daniela Talmadge of Davis, Brown, Koehn, Shors & Roberts, P.C., Des Moines, for appellee.

Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**MULLINS, Judge.**

Acterra Group, Inc., (Acterra) appeals a district court order dismissing its petition for lack of personal jurisdiction. Acterra argues the district court improperly raised the personal jurisdiction issue sua sponte and that the contract's forum selection clause was not exclusive.

## I.    Background Facts and Proceedings

Acterra and KICK Group Technologies (USA), Inc., (KICK Group) entered into a contract for Acterra to supply and haul tanks and related materials for KICK Group's use in Ohio. Acterra is an Iowa corporation with its principal place of business in Linn County. KICK Group is a Florida corporation with its principal place of business in the same state.

The contract negotiations began when Acterra sent a quote for the order on April 27, 2018. The quote included terms and conditions, one governing any litigation arising from the quote:

> This Agreement shall be governed in accordance with the substantive and procedural laws of the State of Iowa without regard to its conflicts of law provisions. All disputes arising hereunder shall be brought in the state or federal courts having jurisdiction in Linn County, Iowa and the parties hereto consent to the jurisdiction of such courts, agree to accept service of process, and hereby waive any venue defenses available to it.

The quote was never signed by anyone from KICK Group. On April 30, KICK Group sent a signed record of procurement that also contained terms and conditions and was later signed by Acterra. The terms from KICK Group's document also had a term governing litigation arising from the transaction: "All quarrels which cannot be settled consensual underlie German law except the rules on conflict of laws (IPRG, EVU) and the UN Sales Convention from 1980 in the

current versions. The location of the ordinary court is Moenchengladbach, Germany."

Acterra performed on the contract in August and September 2018 and delivered the tanks and materials to Ohio. Acterra filed a petition for enforcement of the contract on January 18, 2019, alleging KICK Group breached by failing to pay for the goods and services as outlined in the contract. The petition was filed in Linn County, Iowa. KICK Group filed a pre-answer motion to dismiss alleging the Iowa court lacked subject matter jurisdiction and was an improper venue. Acterra resisted the motion and argued the forum selection clause from the quote governed the transaction. KICK Group replied to the resistance, and argued the forum selection clause from the Record of Procurement was enforceable.

The district court held a hearing on the motion in May 2019. The hearing was not reported. In the motion to dismiss, resistance, and response to the resistance, the only arguments KICK Group advanced related to the alleged lack of subject-matter jurisdiction and the enforceability of the forum selection clause in the record of procurement. The district court dismissed the petition for lack of personal jurisdiction over KICK Group. The district court found Acterra had not alleged "[sufficient] facts to establish minimum contacts."[1] Acterra appeals.

---

[1] Acterra filed a motion to reconsider shortly before filing its notice of appeal. The motion to reconsider alleged the same arguments advanced on appeal, that the district court was improper in raising the personal jurisdiction issue sua sponte and that the forum selection and choice of law provisions of the quote control. The district court had not ruled on the motion before the appeal.

## II.     Standard of Review

"'We review a district court's ruling on a motion to dismiss for the correction of errors at law.'  We accept the petition's well-pleaded factual allegations as true, but not its legal conclusions."  *Iowa Individual Health Benefit Reins. Ass'n v. State Univ. of Iowa*, 876 N.W.2d 800, 804 (Iowa 2016) (quoting *Shumate v. Drake Univ.*, 846 N.W.2d 503, 507 (Iowa 2014)).

## III.    Analysis

Acterra argues the district court improperly decided the case sua sponte on personal jurisdiction grounds.  KICK group argues the district court properly exercised its power to dismiss the lawsuit based on means available to it.

Our supreme court has held district courts have the power to dismiss lawsuits sua sponte, but that power should be exercised with restraint.  *Rush v. Sioux City*, 240 N.W.2d 431, 438–39 (Iowa 1976), *overruled on other grounds by Hoffert v. Luze*, 578 N.W.2d 681 (Iowa 1998).  Grounds for dismissal should be determined based on the factual circumstances of a specific case.  *Id.* at 439.

In *Rush*, one party, Warren, was subject to a settlement agreement that released and discharged Warren from liability resulting from the car accident that led to litigation.  *Id.* at 434, 439.  But Warren was not dismissed from the lawsuit altogether because of the necessity to secure "her availability as a material witness."  *Id.* at 439.  The district court dismissed the claim against Warren on its own motion, stating "there is no issue between the plaintiff . . . and the defendant."  *Id.*  On appeal, our supreme court stated the conclusion in another way, "the trial judge concluded there was no actual controversy between the plaintiff and Mrs. Warren, and thus, that the case was moot."  *Id.*  The court noted, "a judgment, if

rendered . . . (would have had) no practical legal effect upon the existing controversy." *Id.* (internal quotation marks and citation omitted). The district court's sua sponte dismissal of the claim against Warren was affirmed. *Id.*

Our supreme court revisited the issue in 1985 and reaffirmed a district court's power to dismiss cases sua sponte in a restrained manner. *Teleconnect Co. v. Iowa State Commerce Comm'n*, 366 N.W.2d 515, 519–20 (Iowa 1985). In *Teleconnect*, an agency action gave rise to a petition for judicial review. *Id.* at 517. Following a pretrial hearing, the district court dismissed the petition sua sponte, and the dismissal was appealed. *Id.* at 518. Teleconnect argued it had no notice of the possibility of dismissal and the result was a surprise. *Id.* at 519. Our supreme court relied on transcripts of the pretrial hearing to determine the court and the parties discussed the first issue to be resolved, whether there would be a trial or the case would be dismissed. *Id.* at 519–20. Ultimately, our supreme court found the dismissal was within the contemplation of the parties, who were "at least aware that a dispositive ruling might be made on the basis of the arguments at the time of the scheduling hearing." *Id.* at 520. Further discussion revealed dismissal was also appropriate based on the merits of the case but, nonetheless, the sua sponte dismissal was within the district court's power and the contemplation of the parties. *Id.*

Here, KICK Group consistently argued for dismissal based on a lack of subject matter jurisdiction. No document filed by KICK Group at the district court raised the issue of personal jurisdiction. In its order, the district court first found Acterra's quote did not constitute a contract. The court then dismissed Acterra's claim for failure to allege sufficient minimum contacts to constitute personal

jurisdiction.  We have no record of what was argued in the hearing on the motion to dismiss.  Based on our review of the available record, it is clear the parties were aware the lawsuit could be dismissed.  However, the record indicates the parties' arguments were limited to dismissal based on subject matter jurisdiction.  There is no record either party contemplated dismissal based on personal jurisdiction.  *See id.*  On the facts before us, we cannot say the district court exercised its power to dismiss the suit sua sponte in a restrained manner.  *See Rush*, 240 N.W.2d at 438–39.

## IV.    Conclusion

We find the district court acted beyond the limits of its restrained power to act on its own motion, without giving Acterra an opportunity to be heard on the issue, and erred in dismissing Acterra's petition.  Accordingly, we need not address Acterra's second claim as it will be addressed in further proceedings in the district court.

**REVERSED AND REMANDED.**