**HAMLIN TESTING LABORATORIES, INC., Petitioner,**

v.

**UNITED STATES ATOMIC ENERGY COMMISSION, Respondent.**

**No. 16055.**

United States Court of Appeals
Sixth Circuit.

Oct. 9, 1964.

Anthony B. Roshak, Detroit, Mich., for petitioner.

William M. Orrick, Jr., Asst. Atty. Gen., Lionel Kestenbaum, Gerald Kadish, Attorneys, Department of Justice, Washington, D. C., Joseph F. Hennessey, General Counsel, Sidney G. Kingsley, Asst. General Counsel (Solicitor), Troy B. Conner, Jr., Trial Counsel, Felix Albert, Attorney, Office of the General Counsel, United States Atomic Energy Commission, Washington, D. C., for respondent.

Before O'SULLIVAN, PHILLIPS and EDWARDS, Circuit Judges.

O'SULLIVAN, Circuit Judge.

Petitioner Hamlin Testing Laboratories, holder of a Byproduct Material License authorizing it to perform industrial radiography, has moved to stay enforcement of an order of the Atomic Energy Commission denying its application for renewal of that license, pending this Court's consideration of its petition for review of such order. Authority for such a stay is found in Section 189(b) of the Atomic Energy Act, 42 U.S.C.A. § 2239(b), and in the Administrative Procedure and Administrative Orders Review Acts, 5 U.S.C.A. §§ 1009(d), 1039 (b). This Court granted a temporary stay pending our consideration of the motion. Upon consideration of the arguments advanced, we now conclude that the stay must be denied.

The major factors to be considered in passing on a motion to stay an administrative order pending judicial review have recently been enumerated in *Virginia Petroleum Jobbers Ass'n v. FPC*, 104 U.S.App.D.C. 106, 259 F.2d 921, 925 (1958). See also *Liberty Nat'l Bank & Trust Co. of Oklahoma City v. Board of Governors*, 312 F.2d 392 (C.A. 10, 1962); *Associated Sec. Corp. v. SEC*, 283 F.2d 773 (C.A.10, 1960); *Eastern Air Lines, Inc. v. CAB*, 261 F.2d 830 (C.A.2, 1958). Three of the factors enumerated in *Virginia Petroleum* are relevant to the motion before us, first, the likelihood of petitioner prevailing on its petition for review after full hearing thereon, second, whether irreparable damage will be suffered by petitioner if a stay is now denied, and third, whether the public interest calls for our discretion to be exercised to deny the stay.

### 1) *Merit of the Petition for Review.*

Hamlin's application for license renewal was denied on the basis of its conceded repeated violations of Commission regulations adopted to protect health and safety. A trial examiner, while finding such violations, exonerated Hamlin on his view that its violations were not wilful. The Commission did not follow the recommendations of its Hearing Examiner. It has not been shown to us that lack of wilfulness would necessarily bar the Commission from refusing renewal to a licensee which had repeatedly violated its regulations. Without full review of the record of the case, the material before us does not demonstrate such a strong probability that petitioner will succeed on the merits as to prompt us to stay the Commission's order. See *Eastern Greyhound Lines v. Fusco*, 310 F.2d 632, 635, 636 (C.A.6, 1962).

### 2) *Irreparable Injury.*

In its amended motion and a brief filed August 20, last, Hamlin relied almost exclusively for its showing of injury upon a single contract with a large shipbuilding firm. It averred that without a license it cannot perform such contract. With its opposition to the motion for stay, the Commission on September 4th submitted an affidavit from an official of that company, stating that its contract with Hamlin had been terminated on August 20, 1964. Hamlin has made no response to that showing. It does not appear that such termination was the result of the Commission's order. In this state of the proceedings, therefore, we can only surmise what may be the injury to Hamlin from denial of the opportunity to solicit other business pending appeal.

### 3) *The Public Interest.*

In *Virginia Petroleum Jobbers Ass'n*, supra, the Court said:

"In litigation involving the administration of regulatory statutes designed to promote the public interest, this factor necessarily becomes crucial. The interest of private litigants must give way to the realization of public purposes." 259 F.2d 925.

It will be obvious that the public interest is critically involved in the use of materials subject to regulation by the Atomic Energy Commission. The Commission's order here involved discloses its view that renewal of Hamlin's license would not be compatible with the public interest. In *Associated Sec. Corp. v. SEC*, 283 F.2d 773, 775 (C.A.10, 1960), the Court concluded that a stay must be denied whenever the petitioner fails to carry the burden of establishing that it will not be harmful to the public interest. Congress in enacting the Atomic Energy Act specifically found that "[t]he * * utilization of * * * byproduct * * material must be regulated in the national interest and in order * * * to protect the health and safety of the public." Section 2(d) of the Act, 42 U.S.C.A. § 2012(d). Without fully understanding the dangers involved in the use of "byproduct material" by careless or unskilled hands, we can fairly infer such danger. The Commission in this proceeding has vigorously opposed petitioner's request for a stay and we consider it proper, with the limited knowledge we now have, to give at least interim respect to the ex-

pert judgment of the Commission as a coordinate agency of government specially created to further public purposes in this area. Compare Scripps-Howard Radio, Inc. v. FCC, 316 U.S. 4, 10, 15, 62 S.Ct. 875, 86 L.Ed. 1229, 1234, 1237 (1942).

It might be that no one of the above considerations, standing alone, calls for denial of a stay, but taken together they urge us to deny the stay.

An order in conformity herewith will be entered.