THE WATERBURY HOSPITAL *v.* COMMISSION ON HOSPITALS AND HEALTH CARE

COURT OF COMMON PLEAS    JUDICIAL DISTRICT    FILE No. 26552
OF WATERBURY

Memorandum filed March 8, 1974

*Carmody & Torrance,* of Waterbury, for the plaintiff.

*Robert K. Killian,* attorney general, and *Sidney Vogel,* assistant attorney general, for the defendant.

DORSEY, J. The plaintiff increased certain rates and charges at its hospital effective October 1, 1973. On or about October 11, 1973, the plaintiff submitted or resubmitted its proposed increases to the defendant commission, without prejudice to its claims as to the lack of jurisdiction of the commission to pass upon such increases.

The commission derives its powers by virtue of Public Act No. 73-117, which took effect October 1, 1973, except that the provisions of §§ 1 to 5, inclusive, took effect July 1, 1973. Section 17 of this act permits any party aggrieved by any decision of the commission to appeal to this court. Such an appeal shall not act as a stay of the decision appealed from unless it is so ordered by the commission or by the court or a judge thereof.

In its decision dated January 8, 1974, the commission characterized the plaintiff's submission as pursuant to § 10 of Public Act No. 73-117. This section, effective October 1, 1973, states that whenever any hospital proposes to increase its per diem per patient room rate or rates or its aggregate special service charges per patient in an amount which would increase such rate or rates or charges by more than 6 percent over a twelve-month period or 10 percent over a twenty-four month period, it "shall file a request for approval of such increase with the commission . . . at least sixty days prior to the proposed date of increase."

The commission's decision dated January 8, 1974, approved certain rate increases for the plaintiff, "subject to the condition that they are not further subject to retroactive consideration." The plaintiff has appealed from this decision, asking the court, among other things, to determine that the proposed increases are effective as of October 1, 1973, or as of such later date prior to January 8, 1974, as the court may determine.

It is apparent from the plaintiff's prayer for relief that it assumes that the commission has power pursuant to § 10 of the act to approve rate increases retroactive to October 1, 1973. The court does not intend to decide this question at this stage of the proceedings; however, it is sufficient to say that the language of § 10 does not expressly grant this power to the commission.

The application to stay the decision of the commission dated January 8, 1974, requests the court to authorize the hospital to continue to charge and collect, on and after October 1, 1973, the proposed increases and charges which were submitted to the commission on or about October 11, 1973. As indicated in the preceding paragraph, the court has some doubts that the commission itself has this power. Accordingly, the court feels reluctant to exercise this power. The application to stay also requests the court to authorize the charging and collection of proposed increases in rates and charges on and after January 8, 1974, the date of the decision of the commission. Inasmuch as the decision already authorized the hospital to collect these increases after January 8, 1974, there is a serious question in the court's mind why it should authorize by a stay order something already authorized by an administrative body.

In the consideration of applications for stay orders, the applicant must make a strong showing

of the probability of succeeding on the merits of its appeal, of the probability of irreparable injury, and of the probability that the stay order will not be harmful to the public interest or to other parties. *Hamlin Testing Laboratories, Inc.* v. *United States Atomic Energy Commission,* 337 F.2d 221.

A review of the record at this time raises a question as to the power of the commission to approve increases retroactive to October 1, 1973. There is, moreover, the possibility that the plaintiff may find its standing to appeal challenged since, generally, one cannot question the constitutionality of the statute under which he appeals. *Vartelas* v. *Water Resources Commission,* 146 Conn. 650. The court is not satisfied that the plaintiff has met its burden of showing a strong probability of success on appeal.

The plaintiff suggests that it will suffer irreparable injury if it is required to refund the sums collected from October 1, 1973, until January 8, 1974, inasmuch as it will have extreme difficulty in recovering the amount of such increases from the patients in question should the plaintiff prevail on appeal. This argument is not persuasive; mere injuries in terms of money, time and energy necessarily expended in absence of a stay do not form a basis for a conclusion of irreparable injury. *Virginia Petroleum Jobbers Assn.* v. *Federal Power Commission,* 259 F.2d 921.

The commission did not allege that it would be personally injured if the stay were granted, so that issue is not before the court. In matters involving the administration of regulatory statutes designed to promote the public interest, however, the determination of wherein lies the public interest necessarily becomes crucial. The interests of private litigants must give way to the realization of public

purpose. The court concludes that the public purpose expressed in § 1 of Public Act No. 73-117 would not be served by the granting of this application.

The plaintiff has failed to sustain its burden of proof as to a strong probability that its appeal will succeed on its merits; and it has not demonstrated irreparable injury to the court, nor has it shown that the stay would not be harmful to the public interest.

Accordingly, the plaintiff's application for an order staying the decision of the defendant commission dated January 8, 1974; and for an order authorizing the plaintiff to continue to charge and collect, on and after October 1, 1973, its proposed increases in rates and charges, is denied.