PUBLIC EMPLOYMENT RELATIONS BOARD, an Agency of the State of Iowa, Plaintiff,

v.

Honorable R. K. STOHR, a Judge of the District Court of the State of Iowa, in and for Muscatine County, Defendant.

MUSCATINE COUNTY BOARD OF SUPERVISORS, Robert F. Kaufmann, William D. McKillip, Everett J. Rife, Jr., and Adrian M. Wilson, Appellees,

v.

PUBLIC EMPLOYMENT RELATIONS BOARD, an Agency of the State of Iowa, Appellant.

Nos. 61746, 61747.

Supreme Court of Iowa.

May 30, 1979.

Rehearing Denied July 20, 1979.

Thomas J. Miller, Atty. Gen., Carlton G. Salmons, Asst. Atty. Gen., and Nancy D. Powers, P.E.R.B., Des Moines, for appellant.

Patrick J. Madden of Stanley, Lande, Coulter & Pearce, Muscatine, for appellees.

Considered by REYNOLDSON, C. J., and REES, HARRIS, McCORMICK, and LARSON, JJ.

REYNOLDSON, Chief Justice.

We permitted this appeal from an interlocutory order which: (1) asserted district court's right to reach the merits of a dismissed declaratory ruling petition, (2) refused to strike parties not appearing before the agency, and (3) refused to dissolve stay of related agency contested case proceedings. We reverse and remand with directions, and dismiss related petitions for writs of certiorari, prohibition, and supervisory control.

July 1, 1977, Muscatine County and the Chauffeurs, Teamsters & Helpers, Local Union No. 238 (Teamsters) executed a written stipulation declaring they were, respectively, a public employer and an employee organization within applicable provisions of the Public Employment Relations Act, and designating certain employees of the county secondary road department as an appropriate unit for purposes of collective bargaining. This stipulation was filed with the Public Employment Relations Board (PERB). By order filed August 8, 1977, PERB confirmed the stipulation and noted no objections had been filed. It found the county to be "a public employer within the meaning of section [20.]3(1) of the Act," the Teamsters to be "an employee organization within the meaning of section [20.]3(4) of the Act," and ordered an election to be conducted "under the supervision and direction of [PERB], at a time and place to be determined by the Board."

When this order was entered the right of an employee organization to represent the public employees in an appropriate bargaining unit arguably was determined by a majority of the employees *eligible to vote.* *Compare* § 20.15(2) *with* (3). But by an amendment effective August 15, 1977—before the election could be held—§ 20.15 was changed to allow the issue to be controlled by a "majority of the public employees voting." 1977 Session, 67th G.A., ch. 41, § 2. August 10, 1977, PERB, allegedly without public participation, published amended rule 5.4(1)(a), effective August 15, to conform its rules to the amended statute. *See* 660 I.A.C. § 5.4(1)(a).

Twenty-eight employees were in this bargaining unit. At the September 1 election they voted fourteen to thirteen, one not voting, to be represented by the Teamsters. Under the prior law the Teamsters would not have obtained the majority of those eligible to vote. September 19, 1977, PERB certified the Teamsters as the exclusive bargaining representative for these employees.

On October 25 and pursuant to section 17A.9, The Code, the county petitioned PERB for declaratory ruling. The county asserted PERB's certification was contrary to law because: (1) amended rule 5.4(1)(a) was adopted without notice or public participation, (2) it should not have been applied to this election, and (3) the Teamsters did not exist "for the primary purpose of representing public employees in their employment relations" as required by section 20.-3(4). The county requested PERB to declare that a majority of eligible voters rather than a majority of those voting was required to certify the Teamsters, that such a majority was not obtained, that the Teamsters is not an "employee organization" under section 20.3(4), and "that the Teamsters Union is not the exclusive bargaining representative for the bargaining unit covered by the election."

On November 21 and pursuant to section 20.11, Teamsters filed a prohibited practice complaint with PERB, alleging the county had willfully refused to bargain with it on behalf of the above bargaining unit.

November 23 PERB dismissed the county's petition for declaratory ruling without considering the merits, because it violated the agency's policy for such proceedings by requesting specific relief: revocation of Teamsters' certification as this unit's exclusive bargaining representative.

On December 16 and pursuant to section 17A.19, the county and four county landowners and taxpayers filed in Muscatine District Court a petition for judicial review

of PERB's dismissal order. The petition alleged PERB's order "constitute[d] an error of law and [was an] unreasonable, arbitrary and capricious action." *See* § 17A.19(8)(e), (g). Petitioners sought adjudication of the merits of the issues PERB declined to consider or, alternatively, an order directing the agency to do so. They requested that the prohibited practice proceedings be stayed pending completion of judicial review in district court.

On the same day district court entered an *ex parte* order staying the prohibited practice proceedings before PERB. December 20 PERB moved unsuccessfully to dissolve the stay order.

January 24, 1978, PERB filed a motion to strike from the review proceedings names of the individual parties who were not parties before the agency, a motion to strike part of the review petition prayer which requested review of the merits of the declaratory ruling petition, and a second motion to dissolve the stay order. Trial court denied all three motions.

PERB then timely filed in this court petitions for the assorted writs, our number 61746, and an interlocutory appeal application, our number 61747, all of which we consolidated for consideration. We stayed further district court proceedings. Because this controversy may be determined on the 61747 application, we now dismiss PERB's petitions in no. 61746. Appropriately reframed, the issues presented by the interlocutory appeal are set out in the three divisions which follow.

I. *Can district court go beyond the propriety of PERB's dismissal and consider the merits of the county's declaratory ruling petition?*

Section 17A.9 deals with agency declaratory rulings:

> Each agency shall provide by rule for the filing and prompt disposition of petitions for declaratory rulings as to the applicability of any statutory provision,

rule or other written statement of law or policy, decision or order of the agency. Rulings disposing of petitions have the same status as agency decisions or orders in contested cases.

PERB has adopted skeletal rules governing declaratory rulings. *See* 660 I.A.C. §§ 10.-1–.6. No one claims the county did not comply with these rules in filing its petition with that agency. PERB declined to issue a ruling because the county sought specific relief. No issue has been raised whether an agency may, under some circumstances, lawfully dispose of a properly filed petition by declining to rule on its merits. *See* § 17A.19(1) ("[I]f the agency declines to issue such a declaratory ruling after receipt of a petition therefor, any administrative remedy available under section 17A.9 shall be deemed inadequate or exhausted."); Bonfield, *The Iowa Administrative Procedure Act: Background, Construction, Applicability, Public Access to Agency Law, The Rulemaking Process*, 60 Iowa L.Rev. 731, 816–20 (1975).

 Section 17A.19 provides the exclusive means of judicial review of agency action. *Richards v. Iowa State Commerce Commission*, 270 N.W.2d 616, 619 (Iowa 1978). "Agency action" includes a declaratory ruling or a refusal to issue such a ruling. *See* § 17A.2(9); *Burlington Community School District v. PERB*, 268 N.W.2d 517, 521 (Iowa 1978). *Cf. Schmitt v. Iowa Department of Social Services*, 263 N.W.2d 739, 743 (Iowa 1978) (refusal to adopt rules requested by citizen was reviewable agency action). PERB's refusal to issue a declaratory ruling was final action: All administrative remedies were exhausted. *See* §§ 17A.15, .19(1).

It follows PERB's dismissal of the county's petition for declaratory ruling is reviewable under the standards furnished by section 17A.19(8). As narrowed by the county's review petition, the inquiry is whether such refusal "constitutes an error of law [or] an unreasonable, arbitrary and capricious action."

PERB does not contest district court's right to apply the above standards in determining whether it was right in refusing to make a declaratory ruling. Its complaint relates to district court's declared intent to decide the issues raised in the declaratory ruling petition filed with the agency.

■ District court, reviewing agency action, exercises only appellate jurisdiction. *Iowa Public Service Co. v. Iowa State Commerce Commission*, 263 N.W.2d 766, 768–69 (Iowa 1978). When resolution of a controversy has been delegated to an administrative agency, district court has no *original* authority to declare the rights of parties or the applicability of any statute or rule. *See* Bonfield, *supra*, at 806 & n.271. Its power to decide such issues is derived from and is dependent upon its authority to review agency action.

The county seems to suggest district court can reach the merits because PERB has already decided them. To whatever extent the December 16 judicial review petition sought review of agency action incorporated in the August 8 election order and September 19 certification order, it was not timely filed. *See* §§ 20.13(3) (appeal from order determining bargaining unit governed by prohibited practice appeal provisions), 20.14(6) (appeal from certification governed by prohibited practice appeal provisions), 17A.19 (appeal from contested case decision must be filed within thirty days). By the time the county filed its declaratory ruling petition, the time for rehearing by the agency also had passed. *See* § 17A.16(2) (twenty days). The county seeks to avoid those limitations by utilizing the declaratory ruling mechanism.

■ The county has cited no authority to support its position that district court had authority to review more than the issue of PERB's refusal to issue a ruling. In *Human Rights Party v. Michigan Corrections Commission*, 76 Mich.App. 204, 208–12, 256 N.W.2d 439, 441–43 (1977), the court concluded Michigan's similar administrative procedure act authorized judicial review of an agency's refusal to issue a declaratory ruling. But the opinion clearly indicates the refusal to rule is reviewed, not the issues framed by the petition for ruling.

District court should have sustained PERB's motion to strike from the prayer of the review petition that portion requesting the court to decide the merits of the declaratory ruling petition.

II. *Should district court have stayed the prohibited practice contested case pending before the agency?*

■ District court overruled PERB's motion to dissolve the order staying agency action in Teamsters' prohibited practice contested case. This ruling of course must be viewed in the context of the court's simultaneously expressed intent to proceed with an evidentiary hearing on the merits of the county's declaratory ruling petition.

Section 17A.19(5) provides:

The filing of the petition for review does not itself stay execution or enforcement of any agency action. Upon application the agency or the reviewing court may, in appropriate cases, order such a stay pending the outcome of the judicial review proceedings.

PERB asserts this is not an "appropriate case" because the prohibited practice proceeding is collateral and not yet subject to judicial review. But section 17A.19(5) refers to "any agency action." It does not limit injunctive authority to the agency action being reviewed. The comparable provision in the Model State Administrative Procedure Act refers to "*the* agency decision." *See Model State Administrative Procedure Act* § 15(c) (rev. 1961) *reprinted in* 13 *Uniform Laws Annotated* at 402 (1979 Supp.) (emphasis added). We believe the legislature's departure from the model act language is significant. *Salsbury Laboratories v. DEQ*, 276 N.W.2d 830, 834 (Iowa 1979).

■ PERB also contends the four-part test forged in federal decisions should be

imposed by a court or agency faced with a section 17A.19(5) stay request. This test was framed in *Virginia Petroleum Jobbers Association v. FPC*, 104 U.S.App.D.C. 106, 110, 259 F.2d 921, 925 (1958): "[1] Has the petitioner made a strong showing that it is likely to prevail on the merits of its appeal? . . . [2] Has the petitioner shown that without such relief, it will be irreparably injured? . . . [3] Would the issuance of a stay substantially harm other parties interested in the proceedings? . . . [4] Where lies the public interest?" *See also Middlewest Motor Freight Bureau v. United States*, 433 F.2d 212, 241–42 (8th Cir. 1970), *cert. denied*, 402 U.S. 999, 91 S.Ct. 2169, 29 L.Ed.2d 165 (1971); *Hamlin Testing Laboratories, Inc. v. United States Atomic Energy Commission*, 337 F.2d 221, 222 (6th Cir. 1964); *Associated Securities Corp. v. SEC*, 283 F.2d 773, 774–75 (10th Cir. 1960); *Erie-Lackawanna Railroad Co. v. United States*, 259 F.Supp. 964, 971–72 (S.D.N.Y.1966), *rev'd on other grounds sub nom. Baltimore & Ohio Railroad v. United States*, 386 U.S. 372, 87 S.Ct. 1100, 18 L.Ed.2d 159 (1967). The test has been adopted or referenced by several jurisdictions construing state administrative procedure acts. *See Waterbury Hospital v. Commission on Hospitals & Health Care*, 30 Conn.Supp. 352, 316 A.2d 787 (C.P.1974); *Division of Administration v. Department of Civil Service*, 345 So.2d 67 (La.App.1976); *Broadway Christian Church v. Republican Steel Corp.*, 50 Ohio App.2d 98, 102, 361 N.E.2d 1090, 1093 (1976); *Von Weidlein International, Inc. v. Young*, 16 Or.App. 81, 87–88, 515 P.2d 936, 937 (1973); *Narragansett Electric Co. v. Harsch*, 117 R.I. 940, 942, 367 A.2d 195, 197 (1976); *In re Allied Power & Light Co.*, 132 Vt. 554, 556, 326 A.2d 160, 162 (1974).

However, provisions of the federal stay statute are different and include the requirement the stay must be "necessary to prevent irreparable injury." 5 U.S.C. § 705 (1970). The federal test should not, in our view, be imposed to control absolutely the determination of a stay motion in Iowa. At the same time, the four inquiries of *Virginia Jobbers* lend themselves as logical considerations which district courts and agencies may use in determining whether a stay is appropriate.

We do not agree with PERB's assertion that district court was without authority to stay the contested case because it was collateral to the proceedings on appeal. We are convinced, however, that the stay was based on trial court's erroneous perception it could make the findings and conclusions requested in the county's declaratory ruling petition. Upon remand trial court shall release the stay. Of course, the county may file a subsequent motion to stay. In that event district court shall rule on it in light of its narrowed review in this case. It may apply as guidelines the inquiries of the federal test and other considerations it finds applicable.

III. *Can persons not parties in the agency proceeding petition for judicial review?*

This issue is controlled by the section 17A.19(1) language which provides: "A person or party who has exhausted all adequate administrative remedies and who is aggrieved or adversely affected by any final agency action is entitled to judicial review . . . ." It is plain the individuals in question have not "exhausted all adequate administrative remedies." Other courts have limited the right of judicial review to parties participating in the agency proceedings. *See, e. g., Lake County Contractors Association v. Pollution Control Board*, 54 Ill.2d 16, 18–20, 294 N.E.2d 259, 261 (1973); *Wylie Brothers Contracting Co. v. Albuquerque-Bernalillo County Air Quality Control Board*, 80 N.M. 633, 640, 459 P.2d 159, 166 (1969).

District court erred in overruling PERB's motion to strike the names of those individuals who joined as petitioners for judicial review.

Accordingly, this case is reversed and remanded. District court is directed to:

(1) Review only the issue of PERB's dismissal of the county's petition for declaratory ruling;

(2) Consider in the light of this opinion any motion which the county may file to stay further proceedings in Teamsters' prohibited practice contested case; and

(3) Sustain PERB's motion to strike the names of those individual petitioners who did not participate in the proceedings before the agency.

Total costs in both these captioned proceedings are taxed one-half to the county and one-half to PERB.

PETITIONS FOR ORIGINAL WRITS DISMISSED; REVERSED AND REMANDED WITH DIRECTIONS.