**Tammie J. CAMPBELL and Monica White, Appellants,**

v.

**IOWA BEER & LIQUOR CONTROL DEPARTMENT, Appellee.**

No. 84–956.

Supreme Court of Iowa.

April 17, 1985.

As Amended on Denial of Rehearing May 17, 1985.

Leroy J. Sturgeon, Sioux City, for appellants.

Thomas J. Miller, Atty. Gen., and Lynn M. Walding, Asst. Atty. Gen., for appellee.

Considered by UHLENHOPP, P.J., and McCORMICK, LARSON, SCHULTZ, and CARTER, JJ.

McCORMICK, Justice.

On a petition for judicial review of agency action, the district court ruled on the merits of a case in which the agency had refused to give a declaratory ruling. Because the court's jurisdiction was limited to determining whether the agency erred in refusing to issue a declaratory ruling, we reverse.

Tammie J. Campbell and Monica White filed a petition for declaratory ruling with respondent Iowa Beer and Liquor Control Department requesting that the department declare one of its rules invalid on its face and as applied to them, alleging several grounds. Approximately three days later the department dismissed the petition upon a finding that the case was not appro-

priate under its rules for issuance of a declaratory ruling.

Petitioners filed a timely petition for judicial review. They alleged that the department's dismissal was unreasonable, arbitrary and capricious, an abuse of discretion, and contrary to law. They asked that the department's action be reversed and that the court find the challenged rule to be invalid.

■ In ruling upon the petition for judicial review, the district court did not address the correctness of the department's refusal to issue a declaratory ruling. Instead the court made findings sustaining the validity of the rule. Based on its holding that the rule was valid, the court affirmed the department's dismissal of the petition. Petitioners appealed, challenging only the merits of the district court decision. In so doing they are deemed to have abandoned their challenge to the department's dismissal of their petition for declaratory ruling. See Hubby v. State, 331 N.W.2d 690, 694 (Iowa 1983). This court on its own motion required the parties to show cause why the district court decision should not be reversed pursuant to this court's holding in PERB v. Stohr, 279 N.W.2d 286, 289–90 (Iowa 1979). We now hold that under Stohr the district court lacked authority to decide the merits of the declaratory ruling petition.

As in the present case, the agency in Stohr had refused to issue a declaratory ruling in response to a petition asking for one. The petitioner sought judicial review of the agency's dismissal of its petition, alleging that the refusal was an error of law or an unreasonable, arbitrary and capricious action. In the judicial review proceeding the district court stated its intention to decide the issues raised in the declaratory ruling petition. Upon interlocutory review, this court held that the district court's authority was limited to deciding the issue of the correctness of the agency's refusal to issue a ruling. Id. at 290.

■ It is true that in Stohr the jurisdictional issue was raised by the agency in district court. Here the issue was raised by this court on its own motion. This distinction, however, does not affect our duty to decide the issue. We recently reiterated that "[e]very court has inherent power to determine whether it has jurisdiction of the controversy before it. Jurisdiction of the proceeding cannot be conferred by waiver or consent, and courts have a duty to refuse on their own motion to decide controversies that are not properly before them." City of Des Moines v. Des Moines Police Bargaining Unit Association, 360 N.W.2d 729, 730 (Iowa 1985). The merits of the present controversy are not properly before the courts.

■ As recognized in Stohr, the district court exercises only appellate jurisdiction in reviewing agency action under the Iowa Administrative Procedure Act. 279 N.W.2d at 290. The court's authority in a judicial review proceeding is limited to review of the challenged agency action. See Iowa Code § 17A.19 (1985). It "has no original authority to declare the rights of parties or the applicability of any statute or rule." 279 N.W.2d at 290; see Teleconnect Company v. Iowa State Commerce Commission, 366 N.W.2d 515, 518 (Iowa 1985). Thus the district court exceeded the limits of its jurisdiction in the present case by ruling on the merits of the declaratory ruling petition. Its authority was limited to reviewing the issue of the defendant's refusal to issue a ruling.

■ When the department dismissed their petition for declaratory ruling, petitioners had two possible avenues for seeking relief. They could challenge the agency action, as they did, by petitioning for judicial review, and they could bring an original action for declaratory or other appropriate relief in district court.[1] If they

---

**1.** We assume without deciding that the department was correct in agreeing in its answer in the judicial review proceeding that petitioners had exhausted their administrative remedy by seeking the declaratory ruling.

brought an original action in district court, the action would not be barred by their failure to seek an administrative remedy under section 17A.9, the agency declaratory ruling provision. Pursuant to section 17A.19(1), "if the agency declines to issue such a declaratory ruling after receipt of a petition therefor, any administrative remedy available under section 17A.9 shall be deemed inadequate or exhausted." Thus petitioners would have done what the City was barred for failing to do in the *City of Des Moines* case. *See* 360 N.W.2d at 732–33. Of course, petitioners are not precluded by anything in the present decision from subsequently bringing an original district court action to obtain an adjudication on the merits of their controversy with the department.

This is not a case like *Salsbury Laboratories v. Iowa Department of Environmental Quality*, 276 N.W.2d 830, 833–35 (Iowa 1979), where review of agency action was afforded when the district court petition sought certiorari, declaratory and injunctive relief from an agency's order. Although judicial review under section 17A.19 was deemed the exclusive remedy, this court disregarded the petition's label because the petition was otherwise indistinguishable from a petition for judicial review. The appellate jurisdiction of the district court was thus properly invoked. In this case, however, the distinction goes beyond the label of the petition. The appellate jurisdiction of the district court was invoked, but its original jurisdiction was not. Petitioners could not obtain an exercise of original jurisdiction by the district court in an appellate proceeding. Nor could they have "piggybacked" an original action onto the judicial review proceeding. *See Black v. University of Iowa*, 362 N.W.2d 459, 464 (Iowa 1985).

We reverse this case without prejudice to petitioners' right to seek the same relief through an original action in district court.

REVERSED.