**STATE of Iowa, Appellee,**

v.

**Robert Lawrence BACKES, Appellant.**

**No. 98–0958.**

Court of Appeals of Iowa.

May 26, 1999.

Frank J. Nidey of Maher & Nidey Law Firm, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, Karen Doland, Assistant Attorney Gener-

al, Denver D. Dillard, County Attorney, and Russell Keast, Assistant County Attorney, for appellee.

Heard by HUITINK, P.J., and STREIT and MAHAN, JJ.

STREIT, J.

Robert Backes appeals his sentence for second-degree robbery contending sections 902.12 and 903A.2 of the Iowa Code, which he was sentenced under, are unconstitutional as violative of the equal protection clauses of the United States and Iowa Constitutions and the Distribution of Powers Clause of the Iowa Constitution. The district court held the constitutional issues were not ripe for decision. We find the issues were ripe for decision, but hold the sections are constitutional. Backes's sentence is affirmed.

## I. Background Facts & Procedure.

Backes committed a robbery with a handgun in Marion in 1997. At the time of the robbery, he was nineteen years old and had no criminal record. He confessed to the crime immediately after the arrest. Backes pled guilty to second-degree robbery pursuant to a plea bargain.

Backes filed a motion to adjudicate law points, challenging the constitutionality of Iowa Code sections 902.12 and 903A.2. The court denied the motion holding the issue was not ripe for review. On April 29, 1998, the court sentenced Backes to an indeterminate ten-year prison term. Backes appeals.

## II. Ripeness of Backes's Constitutional Challenge to Sentencing Statutes.

■ We note initially that Backes's constitutional challenge is ripe for determination. An issue is ripe for determination when specific adverse claims exist and when those claims are based on present rather than speculative facts. *Grains of Iowa, L.C. v. Iowa Dep't of Agric. & Land Stewardship*, 562 N.W.2d 441, 445 (Iowa

App.1997). Sections 902.12 and 903A.2 existed at the time of Backes's sentencing and were applicable to the charge to which he pled guilty. Application of these sections to Backes's crime means he will serve no less than eighty-five percent of his ten-year prison sentence. This is not a speculative fact. If Backes would have waited to make his constitutional challenge when the parole board denied his parole, it would have been waived. *Osborn v. State*, 573 N.W.2d 917, 921 (Iowa 1998). For these reasons, his claim is ripe for determination and we address the merits.

## III. Standard of Review.

■ Backes raises a constitutional challenge to sections 902.12 and 903A.2; therefore, our review is de novo. *State v. Meyer*, 543 N.W.2d 876, 877 (Iowa 1996). We are obliged to make an independent evaluation of the totality of the circumstances as shown by the record. *State v. Cook*, 530 N.W.2d 728, 731 (Iowa 1995).

## IV. Constitutionality of Iowa Code sections 902.12 & 903A.2.

Backes challenges the constitutionality of sections 902.12 and 903.A2 of the Iowa Code based on equal protection and separation of powers arguments. The sections state as follows:

Except as otherwise provided in section 903A.2, a person serving a sentence for conviction of the following forcible felonies shall serve one hundred percent of the maximum term of the person's sentence and shall not be released on parole or work release:

1. Murder in the second degree in violation of section 707.3.

2. Sexual abuse in the second degree in violation of section 709.3.

3. Kidnaping in the second degree in violation of section 710.3.

4. Robbery in the first or second degree in violation of section 711.2 or 711.3.

1. Each inmate committed to the custody of the director of the department of corrections is eligible for a reduction of sentence for good behavior in the manner provided in this section. For purposes of calculating the amount of time by which an inmate's sentence may be reduced, inmates shall be grouped into the following two sentencing categories:

a. Category "A" sentences are those sentences which are not subject to a maximum accumulation of good time of fifteen percent of the total sentence of confinement under section 902.12.

Iowa Code §§ 902.12, 903A.2 (1997). One effect of the statute is to require those convicted of robbery in the second-degree to serve a minimum of eighty-five percent of their imposed sentence.

*A. Equal Protection.* Backes argues sections 902.12 and 903A.2 violate the Equal Protection Clauses of the United States and Iowa Constitutions. U.S. Const. Amend. XIV; Iowa Const. of 1820 art. I, § 6 (1820). He argues requiring him to serve a minimum of eighty-five percent of his imposed sentence without the possibility of parole or work release violates the Equal Protection Clauses. He further argues the statutes' classifications lack a rational basis because the sections are not applicable to all forcible felonies.

■ Both Backes's Equal Protection challenges have been definitively ruled upon by our supreme court in *State v. Ceaser,* 585 N.W.2d 192, 195 (Iowa 1998); *see also State v. Hoskins,* 586 N.W.2d 707 (Iowa 1998)(rejecting equal protection challenges to section 902.12). Ceasar was convicted of second-degree robbery and made the same challenges as Backes. *See Ceaser,* 585 N.W.2d at 193. In discussing the issue of absolute sentences defined by the legislature, the court stated: "The legislature enjoys broad discretion in defining and classifying criminal offenses." *Id.* at 196. Further, the legislature possesses the inherent power to prescribe punishment for crime. *State v. Iowa Dist. Ct.,*

308 N.W.2d 27, 30 (Iowa 1981). The *Ceaser* court found the sections had a rational basis noting that "impos[ition] [of] disparate punishments for different crimes [is constitutional] so long as the offenses are distinguishable on their elements." *Id.* The court found no violation of the Equal Protection Clause because there was a reasonable distinction between second-degree robbery and the forcible felonies for which offenders are not required to serve a specific portion of their imposed sentences. *See Hoskins,* 586 N.W.2d at 709–10.

Accordingly, Backes's challenges to sections 902.12 and 903A.2 are without merit.

■ *B. Distribution of Powers.* Backes also contends sections 902.12 and 903A.2 violate the Distribution of Powers Clause of the Iowa Constitution. Iowa Const. of 1820 art. III (1820). He argues by requiring certain felons to serve a specific portion of their sentence, the legislature has improperly taken sentencing discretion from the judicial and executive branch.

The legislature has the power to prescribe punishment and sentencing procedure. *See Iowa Dist. Ct.,* 308 N.W.2d at 30. Although there has not been a direct holding by our supreme court on whether sections 902.12 and 903A.2 violate the distribution of powers section of the Iowa Constitution, our court has upheld, on several occasions, the validity of mandatory minimum sentences defined by the legislature in the face of distribution of power challenges. *See, e.g., State v. Holmes,* 276 N.W.2d 823 (Iowa 1979)(upholding mandatory minimum period of incarceration for use of a firearm); *Wharton v. Iowa Bd. of Parole,* 463 N.W.2d 416, 417 (Iowa 1990)(rejecting separation of powers challenge grounded on Wharton's claim that a judicial function was, by former section 906.5, unconstitutionally transferred to the executive branch of government).

We hold the general principle declared by our supreme court in *State v. Iowa*

*District Court*, 308 N.W.2d at 30, is decisive of Backes's distribution of powers challenge. In *Shelby*, the court declared: "The sentencing process is not the sole province of the judiciary. The legislature possesses the inherent power to prescribe punishment for crime, and the sentencing authority of the courts is subject to that power." *Id.* For this reason, we find the legislature did not violate the Distribution of Powers Section of the Iowa Constitution by enacting sections 902.12 and 903A.2 of the Iowa Code requiring, in effect, those convicted of second-degree robbery to serve at least eighty-five percent of their imposed sentence.

Accordingly, Backes's challenge is without merit and his sentence is affirmed.

**AFFIRMED.**

SACKETT, C.J., takes no part.